KAREN P. HEWITT
United States Attorney
THOMAS B. REEVE, JR.
Assistant U. S. Attorney
California State Bar No. 069310
Room 6293, at 880 Front Street
San Diego, California 92101-8893
Telephone: (619) 557-7159
Tom.Reeve@usdoj.gov
Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN VESTEVICH,  <br>   Plaintiff,  <br>   v.  <br>UNITED STATES OF AMERICA; CENTERS FOR MEDICARE AND MEDICAID SERVICES; CNI ADMINISTRATION SERVICES, LLC,  <br>   Defendants. | Case No. 08 cv 0027- L (JMA)  <br><br>**ANSWER TO COMPLAINT** |

## ANSWER

COMES NOW the named Defendant, the United States of America, by and through its attorneys, Karen P. Hewitt, United States Attorney, and Thomas B. Reeve, Jr., Assistant U. S. Attorney, and in answer to Plaintiff's complaint states as follows.

The United States of America is an improper party. Plaintiff's complaint incorrectly identifies the real party in interest in this case. The Centers for Medicare and Medicaid Services ("CMMS") administer the Medicare program on the behalf of the Secretary of the United States Department of Health and Human Services, Michael O. Leavitt, who in his official capacity is the real party in interest in any dispute regarding the Medicare program. *See* 42 C.F.R. § 421.5(b); *Federal Land Bank of Spokane v. Spoor*, 855 F.2d 861, 861 (9th Cir. 1988); *Owyhee Grazing Assn. v. Field*, 637 F.2d 695, 697 (9th Cir. 1981).

1.  Answering Paragraph 1 of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

2.  Answering Paragraph 2 of the Complaint, Defendant admits the substantial truth of the allegations contained therein.

3.  Answering Paragraph 3 of the Complaint, Defendant admits that Defendant *Centers for Medicare and Medicaid Services* is a federal government entity. Except as specifically admitted, Defendant denies, generally and specifically, each, all and every remaining allegation in said paragraph.

4.  Answering Paragraph 4 of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

5.  Answering Paragraph 5 of the Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.

6.  Answering Paragraph 6 of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

7.  Answering Paragraph 7 of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

8.  Answering Paragraph 8 of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

9.  Answering Paragraph 9 of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant admits that there is a federal lien or federal right of action for recovery of money paid that is related to this case. Except as specifically admitted, Defendant denies, generally and specifically, each, all and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein.

## AFFIRMATIVE AND OTHER DEFENSES

1.  The Court lacks jurisdiction over the subject matter.

2.  The Complaint fails to state a claim against this Defendant upon which relief can be granted.

3.  The Declaratory Judgment Act (28 U.S.C. §§ 2201-2202) does not include a waiver of sovereign immunity and provides no jurisdiction to bring this action.

4.  Plaintiff has failed to exhaust available administrative remedies and therefore this Court lacks subject matter jurisdiction.

5.  The Defendant, Centers for Medicare and Medicaid Services ("CMMC") is not a suable entity. Sovereign immunity has not been waived so as to permit suit against CMMC.

6.  Title 28, United States Code, at section 1919, states, "whenever an action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."

///

1       7.     The Medicare program is a federally subsidized system of health insurance benefits for the aged, the disabled, and persons suffering from End-Stage Renal Disease (ESRD). *See* Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq.* (the "Medicare Act"). The Secretary has been given broad authority to issue such regulations as may be necessary to carry out the administration of the health insurance program. 42 U.S.C. §§ 1395hh(a), 1395kk.

      8.     Congress has authorized the Secretary to contract with entities (usually large insurance companies) to make the administration of the Medicare program more efficient. See 42 U.S.C. §§ 1395h & 1395u(a). Such Medicare "special contractors," "fiscal intermediaries" and "carriers" perform routine program functions, such as Medicare claims management, processing and payments, and the collections of debts owed to Medicare.

      9.     The Chickasaw Nation Industries ("CNI") is the Medicare Secondary Payer Recovery Contractor ("MSPRC"), and it is a "special contractor" with the responsibility of collecting Medicare Secondary Payer ("MSP"), debts. However, to the extent that it played a role in the Medicare dispute at issue in plaintiff's action, it was, at all relevant times, acting as to the benefit of the Secretary. The Secretary, by and through his component agency, Centers for Medicare and Medicaid Services, remains the proper party in interest in the above-captioned civil action. 42 C.F.R. § 421.5(b).

      10.     Because Medicare paid the accident-related medical expenses of the deceased Medicare beneficiary James C. Vestevich, the Secretary is entitled to reimbursement in the amount $83,109.42 from the proceeds of the liability insurance settlement received by the behalf of the beneficiary, pursuant to the Medicare Secondary Payer statute. *See* 42 U.S.C. § 1395y(b).

      11.     The Medicare Act affords persons who dispute Medicare's claim for reimbursement with a carefully crafted administrative process. *See* 42 U.S.C. § 1395ff(b)(1)

      12.     A beneficiary's right to challenge the existence or amount of a Medicare overpayment includes, among other things, the right to request reconsideration, the right to request a hearing before an Administrative Law Judge ("ALJ"), and the right to request a

review of an unfavorable ALJ decision before the HHS Departmental Appeals Board. 42 C.F.R. §§ 405.720, 405.724, 405.807, 405.821 and 405.855.

13. A person may seek administrative review of CMMS' decisions regarding whether Medicare has made an overpayment. 42 C.F.R. §§ 405.704(b)(13); 405.803. Once the beneficiary has obtained a "final decision" of the agency, made after a hearing, the person may obtain judicial review of the decision by filing an action in federal district court. 42 U.S.C. § 405(g).

14. The Medicare Act makes clear that this process is the only avenue for judicial review of a final decision of the agency regarding the kind of Medicare overpayment determination at issue here in this case. *See* 42 U.S.C. § 1395ii, incorporating 42 U.S.C. § 405(h); 42 U.S.C. § 405(g).

15. Plaintiff has failed to obtain a "final decision" of the agency prior to bring this action in federal court; and hence, has not exhausted the administrative as required by the Medicare Act. Therefore, this lawsuit should be dismissed.

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of her suit herein, that judgment be rendered in favor of said Defendant, for costs of suit herein incurred, and for such other and further relief as this Court may deem proper.

March 17, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Thomas B. Reeve, Jr.*
_____
THOMAS B. REEVE, JR.
Assistant U.S. Attorney
Attorneys for Defendant
United States of America