KAREN P. HEWITT
United States Attorney
THOMAS B. REEVE, JR.
Assistant U. S. Attorney
California State Bar No. 069310
United States Attorney's Office
Room 6293, at 880 Front Street
San Diego, California 92101-8893
Telephone: (619) 557-7159
Tom.Reeve@usdoj.gov
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN VESTEVICH,<br><br>　　　　Plaintiff,<br>　v.<br><br>THE UNITED STATES OF AMERICA; CENTERS FOR MEDICARE AND MEDICAID SERVICES; CNI ADMINISTRATION SERVICES, LLC,<br><br>　　　　Defendants.<br>_____ | Case No. 08 cv 0027 - L (JMA)<br><br>**DEFENDANTS' RESPONSE TO MOTION TO AMEND COMPLAINT (CONDITIONAL NON-OPPOSITION WITH A REQUEST TO DISMISS THE IMPROPER DEFENDANTS)**<br><br>Date: June 2, 2008<br>Time: 10:30 a.m.<br>Ctrm: 14<br>Hon. M. James Lorenz<br><br>**ORAL ARGUMENT WAIVED** |

COME NOW the currently named Defendants (the United States of America; the Centers for Medicare and Medicaid Services ("CMMS"), and CNI Administration Services, LLC ("CNI")), by and through their attorneys, Karen P. Hewitt, United States Attorney, and Thomas B. Reeve, Jr., Assistant U. S. Attorney, and respond to Plaintiff's motion to amend the complaint as follows.

**I.**

**INTRODUCTION**

Plaintiff has moved to add a new defendant to this lawsuit. The current Defendants agree with the implication of the motion -- that they are improper parties to this suit. If the Court grants the motion to amend (naming "Secretary of the United States Department of Health and Human Services, Michael O. Leavitt, in his official capacity" as a new defendant),

then the improperly named current Defendants request and urge that they should all be dismissed from this suit.

Additionally, the Defendants do not believe there is subject matter jurisdiction for this suit. The Medicare Act affords persons who dispute a Medicare claim for reimbursement a carefully crafted administrative process.[1] Plaintiff has failed to obtain a "final decision" of the agency prior to bring this action in District Court; and hence, has not exhausted her administrative remedies as required by the Medicare Act. This Court, therefore, lacks subject matter jurisdiction. However, the Defendants are not, at this time, moving to dismiss this action, but reserve the right to do so in the future.

## II.

### THE CURRENT FEDERAL DEFENDANTS ARE NOT PROPER DEFENDANTS AND SHOULD BE DISMISSED FROM THIS LAWSUIT

The Complaint fails to a name the real party in interest. The Centers for Medicare and Medicaid Services administer the Medicare program on the behalf of the Secretary of the United States Department of Health and Human Services, Michael O. Leavitt, who in his official capacity is the real party in interest in any dispute regarding the Medicare program. *See* 42 C.F.R. § 421.5(b); *Federal Land Bank of Spokane v. Spoor*, 855 F.2d 861, 861 (9th Cir. 1988); *Owyhee Grazing Assn. v. Field*, 637 F.2d 695, 697 (9th Cir. 1981).

The defendant, the Centers for Medicare and Medicaid Services is not a suable entity. Sovereign immunity has not been waived so as to permit suit against CMMS.

///

---

[1] A beneficiary's right to challenge the existence or amount of a Medicare overpayment includes, among other things, the right to request reconsideration, the right to request a hearing before an Administrative Law Judge ("ALJ"), and the right to request a review of an unfavorable ALJ decision before the United States Department of Health and Human Services, Departmental Appeals Board. Once the beneficiary has obtained a "final decision" of the agency, made after a hearing, the person may obtain judicial review of the decision by filing an action in federal district court. Exhaustion of this administrative process is the only avenue for judicial review of a final decision of the agency regarding the kind of Medicare overpayment determination at issue here in this case.
Additionally, the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), does not include a waiver of sovereign immunity and provides no jurisdiction to bring this action.

Congress has authorized the Secretary to contract with entities to make the administration of the Medicare program more efficient. *See* 42 U.S.C. §§ 1395h & 1395u(a). Such Medicare "special contractors," "fiscal intermediaries" and "carriers" perform routine program functions, such as Medicare claims management, processing and payments, and the collections of debts owed to Medicare. The Chickasaw Nation Industries ("CNI") is the Medicare Secondary Payer Recovery Contractor and it is a "special contractor" with the responsibility of collecting Medicare Secondary Payer debts. To the extent that CNI played a role in the Medicare dispute at issue in this action, it was, at all relevant times, acting as to the benefit of the Secretary.

The Secretary, by and through his component agency, remains the proper party in interest in the above-captioned civil action. All current improper defendants should, therefore, be dismissed from the suit.

### III.

### CONCLUSION AND REQUEST

So long as this non-opposition is not construed a waiver of the continuing denial of the claimed existence of subject matter jurisdiction, the Defendants do not oppose Plaintiff's motion to amend the complaint to name the Secretary as a defendant.

However, the Defendants request and urge the Court, because they were inappropriately named, to also dismiss all current Defendants (the United States of America, the Centers for Medicare and Medicaid Services, and CNI Administration Services, LLC), from this lawsuit and order them stricken from the caption.

Respectfully submitted,

April 28, 2008

KAREN P. HEWITT
United States Attorney

/s/ **Thomas B. Reeve, Jr.**
_____
THOMAS B. REEVE, JR.
Assistant U.S. Attorney
Attorneys for the Defendants