Craig R. McClellan (71865)
Robert J. Chambers, II (244688)
THE McCLELLAN LAW FIRM
1144 State Street
San Diego, California 92101
(619) 231-0505

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN VESTEVICH,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; THE CENTERS FOR MEDICARE AND MEDICAID SERVICES; CNI ADMINISTRATION SERVICES, LLC; MICHAEL LEAVITT, SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        Defendants. | **Case No.: 3:08-cv-00027-L-JMA**<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff alleges as follows:

1.      Plaintiff is a competent adult and resident of the State of California.

2.      Defendant, the United States of America, is a sovereign nation.

3.      Defendant, Centers for Medicare and Medicaid Services ("CMS"), formerly known as Health Care Financing Administration, is a division of the Department of Health and Human Services, the governmental agency that administers the Medicare program.

/ / /

4.      Defendant, CNI Administration Services, LLC, is a limited liability company registered in the State of Oklahoma and doing business in California.  It was awarded a contract by CMS on October 2, 2006 as a national Medicare Secondary Payer Recovery Contractor ("MSPRC") for all post-payment recoveries.

5.      Defendant, Michael Leavitt, is the Secretary of the Department of Health and Human Services, the federal agency responsible for administering the Medicare program.  The Secretary administers the Medicare program through CMS.

6.      Jurisdiction over this action is conferred by Title XVIII of the Social Security Act (The Medicare Program) and pursuant to the recovery provisions of the Medicare Secondary Payer legislation, 42 U.S.C. §1395y(b)(2)(B)(ii), 42 C.F.R. §411.24(b) and/or the Federal Claims Collection Act, 31 U.S.C. §3711, *et. seq.*

7.      Venue is proper in this Court inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in this district, or a substantial part of the property that is the subject of the action is located within this district.

8.      On January 21, 2006, plaintiff's husband, James C. Vestevich, was critically injured and later died after the motorcycle he was riding was struck by another vehicle.

9.      Plaintiff settled with Lorenzo Villa, the driver of the vehicle that struck Dr. Vestevich, for the Progressive Auto Insurance policy limits of $15,000 for the damages she suffered as a result of her husband's death.

10.      In addition, plaintiff had to pursue an underinsured motorist claim against USAA Insurance, Dr. Vestevich's automobile insurance company.  Plaintiff settled with USAA Insurance for $285,000.

11.      Following the settlements with Progressive Auto Insurance and with USAA Insurance, plaintiff attempted numerous times to determine whether defendants would be asserting a lien and/or claiming a right of recovery on the wrongful death settlement and, if so,

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

that defendants waive any purported lien rights pursuant to *Fitch v. Select Products Co.* 36 Cal.4th 812, 819 (2005), and *California Code of Civil Procedure* sections 377.34 and 377.61.

12.    Defendants ultimately asserted a lien in the amount of $83,109.42.  However, defendants have wholly failed and refused to respond to plaintiff's request that they waive their lien rights – despite plaintiff's repeated requests over the past ten months to do so. Defendants' failure to respond is precluding the distribution of the settlement proceeds to plaintiff.

13.    A declaratory judgment is necessary to determine whether defendants are asserting a claim for recovery of any benefits paid, and if so, to expunge any purported lien of defendants on the basis of law and equity.

WHEREFORE, plaintiff prays for declaratory judgment against defendants as follows:

1.    That the Court declare the respective rights and duties of plaintiff and
defendants;

2.    That the Court declare, as a matter of law, defendants have no lien rights on the
wrongful death recovery obtained by plaintiff;

3.    That plaintiff be awarded her costs, expenses and attorneys fees incurred
herein; and,

4.    For such other and further relief as the Court deems just and proper.

Dated:  May 30, 2008                              THE McCLELLAN LAW FIRM


By:   s/Robert J. Chambers, II
ROBERT J. CHAMBERS, II
Attorneys for Plaintiff
rob@mcclellanlaw.com

- 3 -
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF